THE LASALLE COUNTY ELECTRIC RAILWAY COMPANY, Appellee, vs. CYRUS McKINLEY HILL, et al. Appellants.

*Opinion filed December 17, 1913.*

1. EMINENT DOMAIN—*the statute does not contemplate an order awarding possession as a necessary final step.* The judgment of the court in a condemnation proceeding, and the payment of the money in accordance therewith, entitle the petitioner to the possession of the land, and the statute does not contemplate an order of the court awarding possession as a necessary final step in the case.

2. SAME—*what action by court is not interlocutory.* The refusal by the trial court, at a subsequent term, to restore the wording of the judgment in a condemnation case as it existed when it was pronounced and its action in extending the time for payment of the condemnation money are final in their nature and not interlocutory, and an appeal will lie from court's order in that regard.

3. SAME—*order fixing time for payment is an exercise of judicial power.* Since the amendment of section 10 of the Eminent Domain act of 1897 the fixing of the time for payment of the condemnation money is an exercise of judicial power, which is exhausted when exercised and ceases with the term of court, and the court is without power, at a subsequent term, to modify the judgment by extending the time for payment. (*C. & W. I. R. R. Co. v. Guthrie,* 192 Ill. 579, explained.)

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

H. M. KELLY, for appellant.

BUTTERS & ARMSTRONG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In a condemnation proceeding instituted by the appellee, the LaSalle County Electric Railway Company, in the circuit court of LaSalle county, to obtain right of way for its railroad across lands of Cyrus McKinley Hill, a minor, who appeared by his legal guardian, and Maria Palmatier,

there was a verdict of a jury fixing compensation and damages at $450, and the court, on December 31, 1912, entered judgment on the verdict, ordering, adjudging and decreeing that appellee enter upon the land condemned upon the payment of said sum to the appellants or the treasurer of the county of LaSalle within sixty days from that date. On that date the court made, signed and filed with the clerk a typewritten order, which was placed in the files to be recorded by the clerk. The term expired without any change in the judgment, and some time afterward the typewritten order was altered by erasing "sixty days" and interlining "ninety days," and this was done without any order of the court authorizing or directing the change or any notice to the appellants. The next term of court after the December term was the January term, 1913, and the next term after that began on the first Monday of March, 1913. At the March term the appellants entered their motion to correct the judgment order and make it conform to the judgment as originally made by the court, and the appellee made a motion to re-tax costs and to modify the order entered December 31, 1912, so as to allow the appellee thirty days' time to pay the award after the taxing of costs. The judgment order which had been filed among the papers had not been recorded by the clerk because it had not been reached in the writing of the records. The court denied the motion of the appellants to correct the judgment order and the motion of the appellee to re-tax the costs, but allowed the motion to extend the time for payment and extended it until May 29, 1913.

There was a motion by the appellee to dismiss the appeal on the ground that the order was interlocutory, and that the questions of interfering with the record and the power of the court to extend time of payment could only be raised when the appellee should make an attempt to sue out a writ of possession, and that motion was taken with the case. The statute provides that the judgment of the

court and the payment of the money shall entitle the petitioner to possession, and it does not contemplate an order of the court awarding possession as a necessary final step in the case. The refusal of the court to restore the judgment as it was pronounced and the alteration of the judgment by extending the time were not interlocutory but final in their nature.

Prior to 1897 the statute did not provide that the court should fix a time for the payment of the compensation as a part of the judgment. The time for making a payment rested with the petitioner, and the only condition was one imposed by the court that if the judgment of condemnation was not taken advantage of and payment made within a reasonable time the land owner might regard the proceeding as abandoned. (*City of Chicago* v. *Barbian,* 80 Ill. 482.) In *Leopold* v. *City of Chicago,* 150 Ill. 568, the court said that to satisfy the constitution ample provision must be made by law so that the owner shall receive payment of compensation without unreasonable or vexatious delay. Afterward, in 1897, section 10 of the Eminent Domain act was amended so as to provide that the court or judge should adjudge and make such order on the verdict as to right and justice should pertain, ordering that the petitioner enter upon the property and the use of the same upon payment of full compensation within a reasonable time to be fixed by the court, and in case the petitioner should fail to make payment of compensation within the time named in such order, the court or judge should, upon application of the defendants, or either of them, make such order as should be right and just for the payment by the petitioner of costs, expenses and reasonable attorney's fees. (Laws of 1897, p. 217.) The amendment required the court to fix the time of payment as a part of the judgment, and the court having exercised the judicial power to fix the time, lost all control over the judgment after the term. The power given by the statute is a power to fix

the rights of the parties, and is not like a power to extend time for a bill of exceptions for the making up of a record, and when once exercised it is exhausted and ceases with the term of court. It was held in *Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579, where the judgment was incomplete because the court had failed to comply with the statute, the judgment might be made complete by entering an order at a subsequent term. The court, in that case, had not adjudicated the question between the parties, and as the judgment lacked an essential element it was not final, and might be made so after the term.

The order of the court refusing to correct the judgment order and the order further extending the time for payment are reversed and the cause is remanded, with directions to correct the judgment order by restoring it to its original form.

*Reversed and remanded, with directions.*