THE SANITARY DISTRICT OF CHICAGO, Appellee, *vs.* SUSIE MUNGER *et al.*—(JACOB GLOS *et al.* Appellants.)

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. EMINENT DOMAIN—*holder of tax title is a proper party to a condemnation proceeding.* The holder of a tax title is a proper party to a condemnation proceeding, as the statute requires the petition to set forth the names of all persons interested in the property, as owners or otherwise, as appearing of record.

2. SAME—*petitioner has the right to have question of validity of tax title determined.* A tax deed either conveys the paramount title or it conveys nothing, and a petitioner seeking to condemn the land has a right to have that question determined, for upon it depends the important question of the ownership of the land.

3. SAME—*what is an admission that defendant's title is invalid.* A statement in an answer to a condemnation petition that the party answering believes his trust deed is ineffectual to convey to him a

fee simple title because his interest was derived from the holder of a tax title, but that he acquired, by the conveyance, a valid interest in the tax title of his grantor, is an admission that his title as appearing of record is invalid and that he is entitled to no portion of the compensation to be awarded in the condemnation proceeding.

4. SAME—*a condemnation proceeding is a proceeding at law.* The proceeding for condemning private property.for public use is entirely statutory and is a proceeding at law, having nothing equitable in its nature, and the practice in such proceeding is according to the practice which prevails in courts of law.

5. SAME—*in condemnation the burden of preserving the evidence is upon the party complaining of error.* The fact that the court, in a condemnation proceeding, is not restricted to deciding legal titles but may ascertain all rights of the respective owners, whether legal or equitable, does not change the proceeding from one at law to one in chancery, and it is incumbent upon the party complaining of error in the decision of the question of title to preserve the evidence by a bill of exceptions, as in other cases at law.

APPEAL from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

EDMUND D. ADCOCK, and P. C. HALEY, (JAMES M. SLATTERY, and JOSEPH A. CULKIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Sanitary District of Chicago filed its petition in the superior court of Cook county to condemn forty-one separate tracts of land for canal purposes. Jacob Glos, Emma J. Glos and August A. Timke, who were alleged to claim some interest in some of the tracts, were made defendants to the petition. They appeared and severally made motions to dismiss the petition. Without any formal disposition of the motions an order was entered requiring them to file cross-petitions or such other papers as they might be advised were necessary and proper in their claim of title or interest in the property, and fixing a time when the

264 — 17

court would hear evidence of service of process and all jurisdictional matters involved in the cause and all matters preliminary to the calling of a jury for the trial of the issues required to be tried by a jury. Jacob Glos filed an answer, alleging that he was the owner of and interested in certain of the tracts, which were named; denying the authority of the appellee to condemn; denying the necessity of taking the land, and denying that the appellee was unable to agree with him. Emma J. Glos, who is his wife, filed an answer which was identical. Timke filed an answer, alleging that his interest consisted of a trust deed executed by the holder of a tax title of a part of the premises to secure an indebtedness, and that he was not claiming any interest in the fee hostile to any person except the true owner of the fee; that his interest being derived from the holder of a tax title, he believed the trust deed was ineffectual to convey a valid fee simple title, but that by reason of such conveyance he had acquired a valid and subsisting interest in the title of his grantor; that under the law he could not with any hope of success institute any proceedings to enforce his rights under such conveyance, and therefore the court had no right to order him to enter into a contest with the owner of the fee. Upon a hearing the court entered an order finding who were the owners of the several tracts, and that neither Jacob Glos, Emma J. Glos nor August A. Timke had any interest in the land. A jury was empaneled, heard the evidence and returned a verdict finding the damages to be paid to each owner for the land taken. Judgment was entered upon the verdict, and Jacob Glos, Emma J. Glos and August A. Timke have appealed to this court.

The errors argued are, that the court had no power to require Timke to litigate his title with the owner of the fee, and that the record does not sustain the judgment that Jacob Glos, Emma J. Glos and Timke have no interest in the land.

The holder of a tax title is a proper party to the condemnation proceeding, for the statute requires the petition to set forth the names of all persons interested in the property as owners or otherwise, as appearing of record. The object of the proceeding is to acquire the entire title free from any encumbrances or liens, and therefore every person claiming an interest in the land is a proper party. A tax deed either conveys the paramount title or it conveys nothing, and a petitioner seeking to condemn the land has a right to have that question determined, for upon it depends the important question of the ownership of the land. Timke's answer stated that his interest in the premises being derived from the holder of a tax title he believed the same was ineffectual to convey to him a valid fee simple title, but that he acquired, by reason of the conveyance, a valid and subsisting interest in the title of his grantor, which was a tax title. This admission is a confession that his title which appeared of record was invalid and invested him with no interest in the land, and that he was therefore entitled to no portion of the compensation to be awarded in the condemnation proceeding. *City of Chicago* v. *Pick,* 251 Ill. 594; *O'Connell* v. *Sanford,* 255 id. 49; *Sanitary District* v. *Murphy,* 261 id. 269.

There is no bill of exceptions in the record, and therefore the question of the sufficiency of the record to sustain the finding and judgment that Jacob Glos, Emma J. Glos and Timke have no interest in the land cannot be considered. The Eminent Domain act provides a proceeding for the taking of private property for public use, which is entirely statutory. It has nothing equitable in its nature but is a matter of strict legal right, and the proceeding is one at law and not in chancery. The practice in such proceedings is according to the practice which prevails in courts of law. Many cases under this act have been reviewed in this court and the rules of common law practice have always been applied.

It is argued, however, on behalf of the appellants, that the proceeding to condemn is at law only so far as it relates to the awarding of compensation but that the preliminary proceedings to determine the question of ownership are conducted according to the rules of chancery practice. This position finds no support in any decision of the court. It is true that we have held that in deciding questions of title among the various defendants the court will not be restricted to legal titles but will ascertain the rights of the respective owners in the property appropriated, whether such rights are legal or equitable. But this does not change the proceeding from one in law to one in chancery. The fact that a court in a statutory proceeding recognizes and enforces equitable rights does not change the proceeding from law to chancery. The action of the court in such proceeding is still presumed to be right until error is made to appear, and the burden of preserving the evidence of such error is upon the party complaining of it.

The record shows that the parties appeared and the court heard evidence "concerning the right of the petitioner to acquire in this proceeding the fee simple title to said real estate," and found, among other things, "that the said Jacob Glos, Emma J. Glos and August A. Timke, or either of them, have no interest whatsoever" in the lands. It is insisted that evidence concerning the right of the petitioner to acquire the fee simple title to the real estate would not enable the court to find that appellants had no interest in the property. In the absence of a bill of exceptions showing all the evidence that was actually heard it will be presumed that there was evidence to sustain every finding necessary to sustain the judgment of the court.

*Judgment affirmed.*