### CITY OF DES MOINES v. DES MOINES WATER CO. et al.

(District Court, S. D. Iowa, C. D.   December 30, 1914.)

1. EMINENT DOMAIN (§ 241*) — WATERWORKS — CONDEMNATION — PAYMENT OF DAMAGES—TIME.

   Where the statutes of a state fixed no time within which an award in a proceeding by a city to condemn privately owned waterworks should be paid after final judgment fixing the value, the court, by agreement or otherwise, had jurisdiction to fix a reasonable time within which payment should be made, and to incorporate such provision in the judgment, which, when so incorporated, became a part of the judgment itself.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 621–625; Dec. Dig. § 241.*]

2. JUDGMENT (§ 299*)—AMENDMENT—EMINENT DOMAIN—PAYMENT OF AWARD—TIME.

   Where the court, as a part of a judgment fixing an award for a private waterworks system in a proceeding by a city to condemn the same, fixed the time for payment, it had no jurisdiction after the term to modify the judgment, so as to extend the time.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583–586; Dec. Dig. § 299.*]

3. JUDGMENT (§ 301*)—CONSENT DECREE—MODIFICATION.

   Where a decree was rendered by consent, entitling a city to acquire a privately owned waterworks system by condemnation on payment of a specified sum within a specified time, the court could not modify the decree, so as to extend the time for payment, without the consent of both parties.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 587–593; Dec. Dig. § 301.*]

In Equity. Suit by the City of Des Moines against the Des Moines Water Company and others. On application by complainant for modification of a condemnation decree and for an extension of time for payment. Denied.

See, also, Des Moines Water Co. v. City of Des Moines, 206 Fed. 657, 124 C. C. A. 445.

H. W. Byers, E. C. Carlson, and E. M. Steer, all of Des Moines, for complainant.

Parker, Parrish & Miller, of Des Moines, Iowa, for defendants.

VAN VALKENBURGH, District Judge. The above-entitled cause is a condemnation proceeding commenced by the city of Des Moines against the Des Moines Water Company for the purpose of acquiring the water plant of said company located at the city of Des Moines.

Under the statute in such cases made and provided a condemnation court, consisting of three judges, was named by the Supreme Court of the state. The finding of that court fixed the value of the water company's plant as of April 1, 1912, $2,302,522. Both parties appealed from the finding and judgment of the condemnation court to the district court of Polk county, Iowa, whence the case was transferred to this court through removal proceedings. Some months thereafter negotiations for an adjustment of the controversy resulted, on July 28, 1913, in a proposition from the water company, followed by a prompt acceptance from the mayor, which was in turn ratified and approved by the city council. On the 3d day of December, 1913, both parties appeared in this court, and a consent order and judgment in condemnation was entered. The proposition and acceptance above referred to are embodied in the order of the court, which is in the words and figures following:

"In the District Court of the United States, Southern District of Iowa, Central Division.

"City of Des Moines, Complainant, v. Des Moines Water Company et al., Defendants.

"Order.

"Now on this 3d day of December, 1913, this matter coming on for hearing upon the stipulation of the parties, the city of Des Moines appearing by its attorneys, H. W. Byers, Robert O. Brennan, and Eskil C. Carlson, and the Des Moines Water Company appearing by its attorneys, Parker, Parrish & Miller, and it appearing to the court that on the 28th day of July, 1913, the parties hereto entered into the following memoranda and stipulation of settlement:

"'Chicago, Illinois, July 28, 1913.

"'Honorable James R. Hanna, Mayor of the City of Des Moines, Des Moines, Iowa—Dear Sir: Referring to our conference to-day respecting an adjustment of the controversy existing between the Des Moines Water Company and the city of Des Moines, Iowa, over the acquirement by the city of the property of the water company, I have this tentative proposition to make to you and to the city council of Des Moines, relating to same:

"'We will agree that the District Court of the United States for the Southern District of Iowa may enter an order in condemnation proceedings, fixing the value of the property of the Des Moines Water Company as of April 1, 1912, at two million three hundred and two thousand five hundred and twenty-two dollars ($2,302,522), the amount fixed by the court of condemnation. The city council of the city of Des Moines is to repeal the ordinance which became effective about July 1, 1913, by which the rentals of the mains were reduced, and is to take such steps as may be necessary to fix the rentals of the mains at three hundred and fifty dollars ($350) per mile. If the city takes over the property of the company, we will attempt to agree upon how much the city is to pay the company for the additions and improvements to the property of the company since April 1, 1912, and, in the event we are unable to agree, such amount may be ascertained by proper supplementary proceedings in the condemnation case.

"'Yours very truly,          President Des Moines Water Company.'

"'Chicago, Illinois, July 28, 1913.

"'Mr. C. H. Payson, President Des Moines Water Company, Des Moines, Iowa—Dear Sir: Subject to the approval of the city council of Des Moines, Iowa, I hereby accept your proposition, dated Chicago, July 28, 1913, proposing to sell the water plant in Des Moines to the city for two million three hundred and two thousand five hundred and twenty-two dollars ($2,302,522),

the price fixed by the court of condemnation, and to comply with the other conditions set forth in your proposition.

"'Yours very truly,                                      Mayor.'

"And it further appearing to the court that the city council of the city of Des Moines on the ———— day of ———— by resolution approved the action of the mayor in entering into said stipulation of settlement, and authorized the mayor and the city's legal department to carry out in so far as possible the said stipulation of settlement.

"It is therefore ordered that the value of the Des Moines Water Company's plant and system as fixed by the court of condemnation be and the same is hereby confirmed, and for the purposes of this case the value of said plant, as of the 1st day of April, 1912, is hereby fixed and determined to be the sum of two million three hundred and two thousand five hundred and twenty-two dollars ($2,302,522).

"It is further ordered that upon the payment into this court of said sum of two million three hundred and two thousand five hundred and twenty-two dollars ($2,302,522) at any time within one year from this date by the city of Des Moines the said Des Moines Water Company shall turn over and deliver to said city the said Des Moines water plant and system, with all of its property and equipment, including all additions and extensions made thereto since the 1st day of April, 1912.

"It is further ordered that the value of the additions and extensions to said plant made subsequent to the 1st day of April, 1912, and the amount to be paid to the Des Moines Water Company by the city of Des Moines therefor, be reserved for future settlement between the parties, or under the rules of practice and procedure in this court, as may later be determined, and the court reserves and retains jurisdiction of this cause for the purpose of making such further orders as may be necessary to the final settlement and determination of all matters pending herein.        Smith McPherson, Judge."

Thereupon steps were taken to secure the necessary authority for the issuance of bonds as provided by statute. At two elections the city concededly failed to secure the necessary affirmative vote. At a third election, held on the third day of November, 1914, the majority in favor of the issuance of the bonds was, in the judgment of the city, sufficiently large to meet the requirements of law. However, this is a matter of such substantial doubt that it has been referred for determination to the courts of the state, and, so far as this court is advised, the question is still undecided. For this and for the further reason that no bonds could be sold, and the amount fixed by the order paid, prior to December 3, 1914, application on behalf of complainant was made to this court for a modification of that order and an extension of time for such payment. It being agreed that the matter could not be presented and a decision reached prior to the date of expiration under the order, it was stipulated by counsel that the presentation of the application should stand in the place of the ruling thereon in point of time. Complainant contends that the order of December 3, 1913, was interlocutory in character, and subject to modification and change at any time prior to the entering of a final judgment in the case. The defendants contend that the order amounted to a final judgment and is not now subject to modification or change. It is conceded that the application for modification was made long after the expiration of the term at which the order was entered. The question at issue is further simplified by the following concession of counsel for complainant in their brief:

"We would concede that if in this case the entire amount due the defendant company, and the exact quantity and character of the property to be turned over to the city, had been fully settled and determined by the court, or by agreement of the parties, and an order and judgment had been entered fixing the time in which the judgment should be performed, and nothing was left to be done except to perform or meet the judgment of the court, that would be such a final judgment as that, in the absence of fraud or some other defect in the proceedings, it could not be modified or changed by the court after the term at which the judgment had been rendered and entered."

Because of the fact that the value of the additions and improvements to the property of the company, made since April 1, 1912, remains to be determined either by agreement or by proper supplementary proceeding, complainant contends that the case has been but partially tried, and that the order in question is interlocutory and subject to modification.

[1] It is conceded that the statutes of Iowa do not fix the time within which the amount of an award in a condemnation proceeding must be paid, after final judgment fixing the value, in order that the party initiating the proceedings may avail itself of its right to take the property; nor have any Iowa decisions dealing with this question been called to the attention of the court. Resort to other jurisdictions discloses that some limit must exist, and that payment must be made within a reasonable time. In City of Chicago v. Barbian, 80 Ill. 486, the Supreme Court of Illinois, under a similar state of the law, said:

"In answer to the suggestion of evil that might result from having such a judgment suspended indefinitely over property, it is sufficient to say no such result need follow. Unless the condition should be complied with within a reasonable time, by the payment of the damages and the taking possession of the property condemned, the proceedings would be regarded as abandoned, and a court of equity, if need be, would stay any attempt to proceed under them."

There can be no doubt that, in the absence of statute, the court, by agreement or otherwise, may fix the time of payment at the time of the judgment; and, when it does so, the time fixed and incorporated in that judgment becomes as much a part of it as the award itself.

[2] If, then, the judgment in this respect is final, no change or modification can be made, after the term in which it has been rendered, which may substantially vary or affect it in any material thing. Sibbald v. United States, 12 Pet. 492, 9 L. Ed. 1167; Phillips v. Negley, 117 U. S. 674, 6 Sup. Ct. 901, 29 L. Ed. 1013. This is the settled law. In 1897 the Legislature of Illinois provided by statute that the court should fix a time for the payment of compensation as a part of the judgment; and in La Salle County Electric Ry. Co. v. Hill, 260 Ill. 621, 103 N. E. 624, the question was whether or not a court might, after the close of the term in which the judgment was entered in a condemnation case, extend the time for payment beyond the date fixed in the original decree. It was held:

"The court, after naming a certain time, cannot extend that time after the term at which the judgment was rendered, as the naming of a time for payment fixes the rights of the parties, and the court's control ceases with the term."

The order entered here is in all respects an order in condemnation, whereby the value of the property condemned, as of a certain date, was judicially determined and the time for payment fixed. It is true that some other matters remain for adjudication, but the issues remaining for consideration could in no wise affect the matters settled by this order. If this identical judgment had been rendered by the court in regular course, and not by stipulation and consent, it would have been appealable just as the original finding of the condemnation court, organized under the laws of the state and awarding identically the same amount, was appealed from by both parties thereto. While it is true that the character of conclusiveness by way of estoppel attaches only to a final judgments, not to interlocutory judgments or orders which remain under the control of the court, an exception is made of such orders as dispose finally of some distinct branch or part of the case, or are appealable as being orders affecting the substantial rights of the parties. It is doubtful whether, under the procedure existing in Iowa, any more definite form of condemnation judgment could have been rendered. A public utility of this character is constantly changing; not only must it continue to operate, but additions and improvements must necessarily be made, constantly increasing the value of the property and the amount that the city must finally pay. Some date must be fixed at which the value for purposes of award may be established; the determination of subsequent additions and improvements being left to agreement or supplementary proceedings. It is not, and cannot well be, urged that the award fixed by the order of December 3d can now be set aside as interlocutory. If it cannot be, neither can the reasonable time of payment judicially determined by the same order. If the one is interlocutory, so must the other necessarily be.

[3] But there is another equally serious objection to this application. This order, and everything in it, was entered by consent. In such cases, in the absence of fraud or mistake, it cannot be modified or varied in any essential part without the consent of the parties to the same. Leitch v. Cumpston, 4 Paige, 476; Mains et al. v. Des Moines National Bank, 113 Iowa, 395, 85 N. W. 758. While the court, upon the application of either party, may give such further directions as shall become necessary for the purpose of carrying such order or decree into effect according to its spirit and intent, the variation of such an essential element as the time of payment would not fall within such a legitimate exercise of discretion, but would amount to a material alteration of the unambiguous terms of the agreement. In Horning v. Kendrick, 161 Mich. 413, 126 N. W. 650, the Supreme Court of Michigan said:

"A decree by consent cannot, in the absence of fraud or mistake, be set aside by rehearing, or on appeal; nor can it be modified without the consent of the parties. Where a decree by consent was entered, under which complainant was to pay a certain sum to defendant on 'or before a certain date, whereupon defendant was to convey certain property in dispute to the complainant, a supplemental decree entered, extending the time of payment 60 days, was an alteration of the decree; the element of time being the very essence of the agreement, which ripened into a decree. * * * If the court

below could extend the time once for a month, it could again extend it for a further period, and thus render the decree less valuable, or even useless, to the party not consenting to the change. A reduction of the sum to be paid might easily be less injurious to the rights of relator than an extension of the time for payment."

There can be no question that the courts incline to such reasonable modifications of the terms of the orders remaining under their control as may further the ends of justice. In this spirit the consideration of this application has been approached and conducted. No court, however, is justified in arbitrarily disregarding settled rules of procedure and in disturbing fixed rights acquired thereunder. In such cases the only wise and just policy is to adhere to the practice established and approved by controlling authority. Complainant regards the objections made as purely technical. Defendants insist that they are substantial, and seriously affect the considerations which induced them to enter into the stipulation made. We may well conceive that certainty as to the time of performance and of the enjoyment of the amount awarded may be of material importance to the defendant company. The reasonableness of the award itself may depend, in some substantial measure, upon the time of its payment. It is not the province of the court to weigh and determine such matters upon this application, but rather to leave the parties where the law, which must govern the case, has placed them.

It is urged on behalf of defendants that, even though the court had discretion to extend the time within which the award must be paid, the showing made by complainant is not sufficient to justify it in granting the request. In support of this contention it is urged that complainant has thus far failed to secure the requisite authority to issue bonds for this purpose, and that, therefore, no situation is presented which would invite an extension of time. The proposition urged is not without force; but since, as has been stated, the question of authority is now before the state court, the determination will be left to that tribunal without unnecessary consideration here.

This application for an extension of time is denied.