THE CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant, vs. W. H. ASHELFORD, Appellee.

*Opinion filed April 22, 1915.*

1. EMINENT DOMAIN—*when a proceeding must be regarded as abandoned under the statute.* Section 10 of the Eminent Domain act, as amended in 1897, (Laws of 1897, p. 217,) declares a condemnation proceeding abandoned unless the petitioner pays the amount awarded as compensation within the time specified in the condemnation judgment, and it is therefore no longer a question of fact whether the lapse of time is sufficient to justify the court in holding that the proceeding has been abandoned by failure to make payment.

2. SAME—*time for making payment begins to run from time the court pronounces judgment.* A condemnation proceeding is a proceeding at law and not in chancery, and as the judgment in a suit at law becomes effective at the time it is pronounced, the time for making payment, as specified in the condemnation judgment, begins to run when the judgment is pronounced and is not postponed until the time the judgment order is signed by the judge and filed with the clerk.

3. SAME—*purpose of the proviso to section 10 of the Eminent Domain act.* The purpose of the proviso to section 10 of the Eminent Domain act, as amended in 1897, was to entitle the defendant to an order requiring the petitioner to pay the expenses incurred by the defendant in making his defense if the petitioner either voluntarily dismisses the petition or fails to make payment of the compensation within the time fixed by the judgment.

APPEAL from the County Court of Ogle county; the Hon. FRANK E. REED, Judge, presiding.

FAISSLER, FULTON AND ROBERTS, for appellant.

FRANC BACON, (LYMAN DEXTER, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On April 24, 1913, appellant, the Chicago Great Western Railroad Company, presented its petition to the judge of the county court of Ogle county, in vacation, to con-

demn for railroad purposes certain land owned by appellee, W. H. Ashelford. The cause was thereafter continued from time to time, by consent of the parties, until June 30, 1914, when a hearing was begun before a jury. On July 2, 1914, the jury returned a verdict awarding appellee $200 as compensation for land taken and $1100 as damages to lands not taken. Two attorneys appeared in the condemnation suit on behalf of appellant. One of these attorneys resided at Oregon, in Ogle county, where the hearing was had, and the other at Sycamore, in DeKalb county. On July 6, 1914, the attorney for appellee and the local attorney for appellant appeared before the county judge of Ogle county and requested him to fix a time within which the sum awarded by the jury should be paid. Thereupon the court fixed such time at twenty-five days, and made the following entry upon his docket: "July 6, 1914.—Judgment on verdict, etc., that petitioner enter upon the property, etc., upon paying the compensation awarded within twenty-five days, etc. See order signed." No order was signed, however, on that day, but subsequently, on July 20, 1914, appellant's attorney residing at Sycamore prepared an order and mailed it to his associate attorney at Oregon, but it does not appear that the latter presented it to the county judge prior to October 3, 1914. On the date last mentioned, all the attorneys being present, the county judge, after making some changes to correspond with the entry on his docket, signed the written order prepared by appellant's attorney and indorsed thereon the following: "Order, July 6, 1914." It was then delivered to the clerk of the court, who filed it as of July 6, 1914. In the meantime, appellee, on September 14, 1914, filed his petition in the condemnation suit, reciting the proceedings theretofore had therein and alleging that on July 6, 1914, the court entered its order approving the report of the jury and ordering the compensation awarded by the jury to be paid by July 31, 1914. The petition alleged that appellant did not,

on or before the time fixed in said order, pay to appellee the compensation awarded by the jury, or any part thereof, and that by reason of the failure so to do the condemnation proceedings had abated; that the appellee employed attorneys to represent him in the condemnation proceedings and obligated himself to pay such attorneys $250 for services rendered by them therein, and that his other necessary expenses on account of said proceedings amounted to the sum of $60. The prayer of the petition was that the condemnation proceedings be dismissed and that appellant be ordered to pay appellee $310 on account of expenses incurred by him in defending the condemnation suit. Thereafter, on October 13, 1914, appellant answered said petition, denying that an order was entered on July 6, 1914, requiring it to pay the compensation awarded on or before July 31, 1914, and alleging that the final order was not entered of record in said proceedings until October 3, 1914, and that on the date last mentioned appellant offered said sum of $1300 to appellee but that appellee refused to accept the same, whereupon appellant, on October 8, 1914, deposited the said sum with the county treasurer of Ogle county and took a receipt therefor. A hearing was had upon said petition and answer and resulted in the entry of an order finding the facts to be as set forth in the petition, except instead of finding that appellee had become obligated to pay $310 in the defense of the condemnation suit the court found the amount to be $275, and appellant was ordered to pay to appellee the said sum of $275 within twenty-five days. From that order appellant has prosecuted an appeal to this court.

Prior to 1897 the statute did not require the court, in a condemnation proceeding, to fix a time for the payment of the compensation as a part of the judgment. The time for making payment rested with the petitioner, subject to the limitation that if the judgment of condemnation was not taken advantage of and payment made within a reason-

able time the land owner might regard the proceedings as abandoned. (*LaSalle County Electric Railway Co.* v. *Hill,* 260 Ill. 621.) In 1897 section 10 of the Eminent Domain act was amended so as to read as follows: "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and the use of the same upon payment of full compensation as ascertained as aforesaid, within a reasonable time to be fixed by the court, and such order, with evidence of such payment, shall constitute complete justification of the taking of such property: *Provided,* that in case the petitioner shall dismiss said petition before the entry of such order or shall fail to make payment of full compensation within the time named in such order, that then such court or judge shall, upon application of the defendants to said petition or either of them, make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorney fees of such defendant or defendants paid or incurred by such defendant or defendants in defense of said petition, as upon the hearing of such application shall be right and just, and also for the payment of the taxable costs." (Laws of 1897, p. 217.)

While under the statute as it existed prior to 1897 it was in every case a question of fact whether the lapse of time was sufficient to justify the court in holding that the proceedings had been abandoned by reason of the failure of the petitioner to pay the amount awarded as compensation, since the amendment of 1897 above set out the law declares the proceedings abandoned unless the petitioner pays the amount awarded as compensation within the time specified in the condemnation judgment, and the petitioner can thereafter claim no rights under or by virtue of such judgment. The necessary effect of the order from which this appeal was taken is therefore not only to require appellant to pay appellee the sum of $275, but also to deprive

appellant of the right to enter upon the lands of appellee and use the same for railroad purposes upon paying the amount awarded as compensation for such lands. For this reason an appeal was properly taken by appellant from the order of the county court directly to this court.

Appellant's entire argument is directed to the proposition advanced by it that the period of twenty-five days within which it was by the judgment in the condemnation proceedings required to make payment of the amount awarded as compensation did not begin to run until the judgment order was signed by the county judge and filed with the clerk, on October 3, 1914. If this position is tenable then the order of the county court requiring appellant to pay to appellee the expenses incurred by him in connection with the condemnation proceedings is erroneous, because it appears that appellant tendered the money to appellee on the day the order was signed, and upon appellee's refusal to accept the same deposited it with the county treasurer for appellee's use.

A proceeding under the Eminent Domain act is one at law and not in chancery, and the practice in such proceedings is according to the practice which prevails in courts of law. The proceeding has nothing equitable in its nature. (*Sanitary District of Chicago* v. *Munger,* 264 Ill. 256.) While the final order or decree of a court of chancery does not become effective until it is prepared by the solicitor of the party in whose favor it is announced, approved by the chancellor and filed with the clerk, (*Horn* v. *Horn,* 234 Ill. 268; *Cameron* v. *Clinton,* 259 id. 599;) an entirely different rule has always prevailed with reference to judgments rendered by a court of law. A judgment at law being, as defined by Blackstone, "the sentence of the law pronounced by the court upon the matter contained in the record," becomes effective as soon as it is pronounced by the court, and the duty at once devolves upon the clerk to enter the judgment, as pronounced by the court, upon the

records of the court. In contemplation of law the clerk performs this duty at once, but in actual practice the judge makes a memorandum of the judgment pronounced upon his docket and the clerk from this memorandum afterwards enters the judgment, and it frequently happens that the clerk does not enter the judgment upon the records until several days after it has been pronounced. In every such instance, however, the judgment dates from the time it was pronounced by the court, and not necessarily from the time it was entered upon the records by the clerk. The following from Black on Judgments (sec. 106) is generally regarded as a correct exposition of the law in such cases: "In the nature of things a judgment must be rendered before it can be entered; and not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put upon the record. The entry may be supplied, perhaps after the lapse of years, by an order *nunc pro tunc.* But it must not be supposed that this proceeding is required to give existence and force, by retrospection, to that which before had none. * * * There are certain purposes, however, for which a judgment is required to be duly entered before it can become available or be attended by its usual incidents. Thus, as above remarked, this is a prerequisite to the right to appeal. And so a judgment must commonly be docketed before it can create a lien upon land, and in some of the States (though not all) the priority among different liens is determined by their respective dates of docketing. And again, the record entry of a judgment is indispensable to furnish the evidence of it, when it is made the basis of a claim or defense in another court. But with these exceptions a judgment is independent of the fact of its entry."

Appellant contends, however, that the rule which ordinarily prevails in common law actions with reference to the

time when a judgment becomes effective is not applicable in determining whether a petitioner should be ordered to pay the costs and expenses incurred by the defendant in making his defense to the petition, because said section 10 provides for the making of such order only in case the petitioner shall dismiss said petition "before the entry of such order" or shall fail to make payment of full compensation within the time named in such order. The evident purpose of the proviso to said section 10 was to provide for two instances in which the defendant would be entitled to an order requiring the petitioner to pay the expenses incurred by him in making his defense to the petition: First, in case the petitioner should voluntarily dismiss the petition; and second, in case the petitioner should fail to make payment of full compensation within the time named in the order. In our opinion this was the sole purpose of the proviso, and it was not intended by the legislature by such proviso to change the rule governing in common law actions that the judgment becomes effective as soon as it is pronounced, and that the entry by the clerk, if not then made, dates back to the time of the rendition of the judgment.

Appellant failed to make payment of the compensation awarded to appellee within the time specified in the judgment and thereby abandoned the condemnation proceedings. Under such a state of facts, appellee, under the statute, was entitled to an order requiring appellant to pay to him the expenses incurred or paid by him in making his defense to the petition. The order of the county court from which this appeal was taken was therefore proper and is accordingly affirmed.                              *Order affirmed.*