## Case No. 5,081.

FREELANDER et al. v. HOLLOMAN et al.

[9 N. B. R. 331.] [1]

District Court, S. D. Mississippi. 1873.

Nugent & Yerger, for complainants.

F. Johnson and J. A. P. Campbell, for defendants.

HILL, District Judge. This bill is filed by complainants [Freelander & Gerson], who have proved their judgment as creditors of said Thos. R. Holloman, in bankruptcy, against M. C. Cheatman, his assignee in bankruptcy, and against said Holloman as executor of his late wife, Rebecca A. Holloman, her children, Mary A. and others, also against John B. Aikman, praying to have declared null and void a judgment confessed by said Thomas R. in favor of his wife, said

[1] [Reprinted by permission.]

Rebecca A., and deeds of conveyance, executed first by said Thomas R. to said Aikman, and from him to said Rebecca A., all in 1866, and done without consideration, and with the fraudulent purpose and intent to defraud the creditors of said Thomas R., and especially of complainants. The answers admit the transactions but deny the fraud. A large number of witnesses have been examined on both sides, and the proof submitted, a very large portion of which need not be considered in any point of view, and none of it under the conclusions to which, after a careful examination of the questions, I have arrived.

The grounds upon which the relief is sought by the bill are, that the judgment confessed by Thomas R. Holloman, in favor of his wife, was fraudulent and void; that complainants' judgment was soon thereafter rendered and enrolled, and thereby became a lien upon the property, real and personal, subject to execution; that the conveyance of the lands mentioned by him to Aikman, and from him to his wife, was without consideration, fraudulent and void, and that these lands were subject to the payment of his judgment; that in 1868 Thomas R. filed his voluntary petition in bankruptcy, and in his schedules falsely omitted to place these lands on his schedules; that he was in 1869 discharged from his debts; that Cheatman, the assignee, in ignorance of the facts, or from a disposition to aid Holloman, neglected to take proper proceedings to have this judgment and these conveyances declared void, and the property sold for the payment of the debts of said Thomas R., according to the priority of those holding liens and demands thereon.

To the relief prayed for in the bill, the defendants interpose the statute of two years limitation, provided in the second section of the bankrupt act of 1867 [14 Stat. 518]. This is the first time the application of this section of the bankrupt law has come before me, and is one of no inconsiderable importance in the collection and administration of bankrupt estates, and although the last question discussed by counsel will be first considered, as if held to apply to the relief prayed for, will dispose of the cause without further inquiry.

If the charges made in the bill be true, and had been known to the assignee, it was his duty to have filed the bill so as to subject the land and any other property which had been fraudulently covered up by the proceedings mentioned to the payment of the debts and demands proven against the estate; and if he refused to do so, any creditor who had proved his debt had a right to apply to the court for an order directing proceedings for that purpose to be instituted, which the court, if satisfied that such proceedings should be instituted, would, upon such terms as to costs, etc., as would have appeared right, have so ordered. Where pro-

ceedings are mainly, if not entirely, for the benefit of secured creditors, they should defray the expense of the proceeding, and no more of the burthen be imposed upon general creditors than the ratable portion of interest in the assets sought to be recovered, as if they were for the general creditors the circumstances might be such as would require those applying to defray the expense in the first instance, to be refunded upon recovery out of the proceeds. The complainants in this case did not pursue this course, but made the assignee a party defendant. He was certainly a necessary party, and as it is a proceeding in equity the court will consider him as a co-complainant for the purpose of considering the question presented.

The fourteenth section of the act of 1867, in treating of the powers and duties of the assignee in bankruptcy, contains the following provisions: That upon the adjudication of bankruptcy and the appointment of the assignee the title to all the property, real and personal, rights and credits, and rights of action, owned or held by the bankrupt at the time of filing his petition to be declared a bankrupt, ("including all property conveyed by the bankrupt in fraud of his creditors.") "shall, in virtue of the adjudication of bankruptcy and the appointment of the assignee be at once vested in the assignee." Thus it will be seen that the assignee is not only vested with all the rights of property, credits and rights of action held or owned by the bankrupt at the time of filing his petition, but such rights to property as the bankrupt may have had before making any fraudulent disposition of the same, and which, by his fraud, he may have estopped himself from recovering. In other words, the assignee in all such cases is substituted as the agent and representative of the creditors, and may recover anything which they could have recovered had the bankrupt law never been in operation.

The policy of the bankrupt law is to make a speedy adjustment and settlement of every question connected with the bankrupt's estate. It is expected, and is the duty of all interested in the bankrupt's estate, immediately upon his being so declared, to examine into its condition, and to give all information and aid in its recovery and settlement. With this purpose, and to give quiet and repose to all concerned, and which is one of the prime objects of all statutes of limitation, the second section provides that "no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid. in any court whatsoever, unless the same shall be brought within two years from the time the cause of action accrued, for or against such assignee: provided, that nothing herein contained shall revive a right of action

barred at the time such assignee is appointed."

The constitution of the United States conferred upon congress the power to establish a uniform system of bankruptcy throughout the United States; and when congress, in pursuance of this power, passed the bankrupt act, it at once superseded all laws in conflict with it. The bankrupt's estate, and every thing and right connected with it upon the bankruptcy at once passed under the control and operation of the bankrupt law. After that the rights of those in interest may be contracted or enlarged, as congress in its wisdom may provide. This provision in the second section provides that all rights of action barred upon the appointment of the assignee shall remain barred, whether in favor of or against the assignee, and give both to the assignee and those claiming an adverse interest to any property claimed by the assignee in the adverse possession of others, or claimed by others, to property in the hands or under the control of the assignee, two years in which to commence proceedings in equity or at law for its recovery. This is a separate and independent provision, and has no connection with any state statute on the subject; it may extend or may contract the time provided in the state statutes of limitations. Thus, if at the time of the appointment of the assignee but a few days remained of the time necessary to complete the bar, the time would be extended; or if the statute had just commenced running, and under the state law would have ten years to run, as in case of actions of ejectment to recover real estate, it would be complete within two years.

This act, unlike the state statutes, makes no exceptions in favor of married women, infants, absence, or for concealment of cause of action, and thus congress having complete power over the whole subject had the right to provide, and such provision is in accordance with the policy of the law, and is a rule which it is the duty, not only of this, but of all other courts, to apply when a case is presented to which it is applicable.

It will be observed that the statute of limitations, under the bankrupt law is limited to actions and suits respecting rights to property held adversely by or against the assignee. Applying this provision of the law to the facts in this case it will be found that the real estate intended to be recovered was held adversely to the rights of the assignee at the date of his appointment, and he must be considered as the complainant, which appointment was made on the 22d of September, 1868, consequently the law was complete on the 22d. or at least on the 23d of September, 1870: the complainant's bill not having been filed until the 8th of August, 1871. The result is that the bill must be dismissed. at the cost of the complainant.

I must acknowledge my obligation to the able counsel on both sides for the exhaustive

presentation of the question. now presented and considered for the first time, and one of so much interest to all parties concerned in bankrupts' estates. I am glad that it is a case in which, if I have come to a wrong conclusion, I may be corrected by appeal in the circuit and supreme courts of the United States.