ARNOLD GROCERY COMPANY *v.* SHACKELFORD, trustee.

1. The statute of limitations for the institution of actions on open accounts or for breach of contract, express or implied, as set forth in the Civil Code, §§ 4362, 4368, does not apply to an action by a trustee in bankruptcy, under section 60 (*b*) of the bankruptcy act of 1898, against a transferee for value of goods received from the bankrupt in payment of a pre-existing debt less than four months prior to the filing of the petition in bankruptcy.

2. The bankruptcy act of 1898, which conferred upon trustees in bankruptcy the right to institute actions of the character mentioned in the preceding note, also fixed a statute of limitations applicable to such cases.

(*a*) The action was not barred.

SEPTEMBER 24, 1913.

Complaint. Before Judge Brand. Clarke superior court. August 12, 1912.

On March 15, 1907, upon an involuntary petition in bankruptcy, T. H. Wofford upon his admission of insolvency was adjudged a bankrupt. T. J. Shackelford was duly appointed trustee. On February 8, 1907, the Arnold Grocery Company received from Wofford various and sundry dry goods, clothing, hats, etc., from his stock of merchandise, in settlement of a pre-existing debt. Before the estate in bankruptcy was closed the trustee filed a suit in the su-

perior court against the Arnold Grocery Company, on March 4, 1911, for the recovery of the alleged value of the goods, on the ground that the transfer of the goods was preferential, and fraudulent as against the creditors, and void under the bankrupt act. The defendant filed an answer, which, so far as material to be stated, alleged, "that, as more than four years have elapsed between said date (the date of transfer, February 8, 1907) and the time of the filing of this suit, said claim of trustee, if any ever existed, became barred by the statute of limitations; and this defendant pleads that fact in bar of the plaintiff's cause of action in this case." When the case came on for trial it was submitted to the judge for decision, without the intervention of a jury, on an agreed statement that the facts were to the effect above stated, and that settlement of the account by delivery of the goods constituted a preference voidable under the bankrupt act, if the action was brought within the proper time. Judgment was rendered against the plea setting up the bar by the statute of limitations, and in favor of the plaintiff for the amount set forth in the agreed statement of facts. The defendant excepted.

*Cobb & Erwin,* for plaintiff in error. *G. A. Johns,* contra.

ATKINSON, J. 1. The defendant below, who became the plaintiff in error in the Supreme Court, contends that under the statute of limitations of this State (Civil Code, §§ 4362, 4368), more than four years having intervened between the date of the transfer of the goods and date of the commencement of the action by the trustee for the recovery of their value, the action was barred. The plain-, tiff below, who became the defendant in error, insisted that on account of the provision of section 11 (*d.*) of the bankrupt act of 1898, "Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed," the trustee was not barred. In the brief of counsel for plaintiff in error it was stated that the question for decision is whether the suit instituted by the trustee is barred under the four-year limitation act of the State statute, or whether the trustee has two years after the closing of the estate in which to bring suit, regardless of the running of the State statute of limitations, and regardless of the length of time that may ensue before the estate is closed. This was conceded, in the brief of the plaintiff in error, to be the only question involved, and no other was discussed. Civil

Code section 4362 declares, "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action accrues;" and section 4368 declares, "All other actions upon contracts express or implied, not hereinbefore provided for, must be brought within four years from the accrual of the right of action." The limitations for the institution of actions provided for by these statutes of the State do not apply to the present case. The Arnold Grocery Company bought the goods in payment of a pre-existing debt, and consequently there was no contract either express or implied to pay for them. It was not suggested that the purchase was made to defraud creditors, or for other reasons that it was void at common law or under the statutes of this State. The action was therefore in no sense upon the open account, or for breach of contract, either express or implied, and would not be barred under State law as embodied in the above sections of the code. Except for the bankruptcy act the trustee could have had no action on account of the purchase of these goods by the Arnold Grocery Company. That act contained provisions under which the trustee was authorized to sue the Arnold Grocery Company for the value of the goods, merely by reason of the fact that the transfer was made within less than four months from the filing of the petition in bankruptcy, notwithstanding it was made in pursuance of a sale in payment of a pre-existing debt, which was in other respects valid.

2. It was declared in section 60 (*b*) of the bankruptcy act of 1898, "If a bankrupt shall have given a preference within four months before the filing of a petition, or after filing the petition or before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." 30 Stat. 562 (1 Fed. Stat. Ann. 674, U. S. Comp. Stat. 1901, p. 3445). This was amended in 1903 (32 Stat. part 1, p. 800, 10 Fed. Stat. Ann. 47, U. S. Comp. Stat. Supp. 1911, p. 1511) by adding thereto the following: "And for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court which would have

had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." Section 60 (*b*), thus amended, was further amended by the act of 1910. 36 Stat. 842 (1 Fed. Stat. Ann. Supp. 1912, p. 729, U. S. Comp. Stat. Supp. 1911, p. 1513). The last amendment added new matter not affecting the case, without repealing any of the existing provisions of the act. The transfer was made in 1907, and all the right the trustee had to sue the transferee was by virtue of section 60 (*b*) of the bankruptcy act of 1898, as amended in 1903. The action was brought under this law. Article 1, section 8, paragraph 4, of the constitution of the United States confers upon Congress the power "to establish uniform laws on the subject of bankruptcy throughout the United States." In pursuance of this power Congress has established the law hereinbefore designated, upon which the plaintiff's action is based. Had it not been for this law, conceding, as the plaintiff does, that the Arnold Grocery Company received the goods in good faith, in payment of the debt, unaffected with fraud against creditors, the act of the Arnold Grocery Company would not have been actionable; and except for this law, the trustee in bankruptcy would have had no power to sue. The law so adopted by Congress, in addition to conferring upon a trustee in bankruptcy the right to sue a transferee of the property received from the bankrupt under specified conditions, also expressly declared that the State courts and bankruptcy courts should have concurrent jurisdiction of suits under the bankrupt act; and also provided, as set forth in section 11 (*d*), a statute of limitations for actions against the trustee or by the trustee.

Counsel for plaintiff in error concede that if the terms of the statute are to be construed as conflicting with the State law on the subject of limitations of actions, it will prevail over the State law. Relative to conflicting laws of this character, see, Mitchell *v.* Clark, 110 U. S. 633 (4 Sup. Ct. 170, 312, 28 L. ed. 279); Arnson *v.* Murphy, 109 U. S. 238 (3 Sup. Ct. 184, 27 L. ed. 920); State *v.* Gatzweiler, 49 Mo. 17; Ogden *v.* Saunders, 12 Wheat. 213 (6 L. ed. 606). But counsel insist that under a proper construction there is no conflict, and that section 11 (*d*) of the bankrupt act does not affect the statute of limitations adopted by the State. The burden of argument of counsel is upon the construction of this statute. Attention is called to the policy of the law to have the

causes speedily determined, and of the hardships that might occur where a trustee should keep a bankrupt estate open for a great length of time. Under the bankrupt act of 1867 (Revised Stat. U. S. 5057) the actions by or against an assignee in bankruptcy, touching any property transferred to or invested in such assignee, were required to be brought within two years from the time when the cause of action accrued for or against the assignee. This was applied as a statute of limitations. Freelander v. Holloman, 9 N. B. R. 331 (Fed. Cas. 5081); Avery v. Cleary, 132 U. S. 604 (10 Sup. Ct. 220, 33 L. ed. 469); Jenkins v. International Bank, 106 U. S. 571 (2 Sup. Ct. 1, 27 L. ed. 304); Bailey v. Glover, 88 U. S. 342 (22 L. ed. 636). In the last case the statute was construed, and the policy of the law declared. Mr. Justice Miller, among other things said that, to prevent waste of the estate in litigation and delay, "Congress has said to the assignee, you shall commence no suit two years after the cause of action has accrued to you, nor shall you be harassed by suits when the cause of action has accrued more than two years against you. Within that time the estate ought to be nearly settled up and your functions discharged, and we close the door to all litigation not commenced before it has elapsed." After the decision of that case, when the bankrupt act of 1898 was adopted it contained no provision limiting the time of commencing the actions by or against the trustee in bankruptcy to two years *from the time the cause of action originated,* but in lieu thereof contained the provision hereinbefore set forth, section 11 (*d*), which was substantially different, particularly in that the time in which suits were to be instituted by or against the trustee was restricted to *two years from the time of the closing of the estate.* Like the former statute, this was undoubtedly intended as a statute of limitations, relatively to actions by the trustee, growing out of the bankrupt act, and to enforce that law; but it contemplated a change of the time concerning such matters as to which a trustee might sue or be sued, so that there would be no bar relatively to them while the estate was being administered by the trustee, nor until two years after it had been closed. Section 60 (*b*) of the bankrupt act was not designed in any event to give the bankrupt a cause of action against the transferee; and therefore a case under that statute would stand on a different footing from a suit on some right of the bankrupt which might, by operation of law under

section 70 (a) of the bankrupt act, have passed from the bankrupt to the trustee. Section 11 (d) was manifestly intended to apply, among others, to cases falling under section 60 (b) of the act, to the exclusion of any other statute of limitations. Under this view the action was not barred, and the judge committed no error in so holding. *Judgment affirmed. All the Justices concur.*