## DAVIS v. WILLEY.

### In re WILLEY.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3584.

**1. Limitation of actions ☞100(3)—Creditor held to have had knowledge of fraud.**

A creditor, who was present in court in an action to determine the title to an automobile which he had seized in execution when testimony was given that his debtor had transferred an account in the bank to another, has knowledge of facts sufficient to put him on inquiry which would have informed him that the account was fraudulently transferred, so that his right to have the transfer set aside is barred three years thereafter, under Code Civ. Proc. Cal. § 338, subd. 4.

**2. Limitation of actions ☞37(4)—Bankruptcy trustee's suit to set aside fraudulent transfer is barred by state statute.**

The right of the trustee in bankruptcy under Bankruptcy Act, § 70e (Comp. St. § 9654), to maintain an action to set aside a fraudulent transfer, is merely the right to assert a creditor's remedy not a new right, and is barred under the state statute of limitations (Code Civ. Proc. Cal. § 338, subd. 4) three years after the creditor had knowledge of the fraud, not being governed by Bankruptcy Act, § 11d (Comp. St. § 9595), forbidding suits by or against a trustee two years after the estate is closed, which is confined to suits founded strictly upon the Bankruptcy Act.

In Error to District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action by John C. Davis, as trustee in bankruptcy of the estate of Charles F. Willey, against E. T. Willey. Judgment for defendant (263 Fed. 588), and plaintiff brings error. Affirmed.

This action, brought under section 70e of the Bankruptcy Act (Comp. St. § 9654), was instituted in March, 1918, by Davis, trustee of the estate of C. F. Willey, bankrupt, against E. T. Willey, to recover certain sums transferred

to E. T. Willey in 1912 by the bankrupt, C. F. Willey, and alleged to have been transferred in fraud of his creditors. The defendant denied the material allegations of the complaint and pleaded that the cause of action was barred by a judgment rendered in an action in equity in the District Court of the United States for the Northern District of California, in which Davis, trustee of the estate of C. F. Willey, bankrupt, was plaintiff, and E. T. Willey and Mrs. C. F. Willey were defendants, and respecting the same alleged transfer that is the subject of the present action at law. In the present case the court made findings in effect as follows:

That C. F. Willey was adjudged a bankrupt on June 26, 1914; that in January, 1912, C. F. Willey was indebted to E. McGinn, and an action was pending in the superior court of the state of California wherein McGinn sued Willey to recover the debt; that the action was tried and submitted for decision about February 8, 1912, and pending decision and judgment C. F. Willey transferred to his brother, E. T. Willey, $3,387, money of the said C. F. Willey; that the transfer was made for the purpose of defrauding McGinn, and was made with the knowledge and consent of E. T. Willey; that in May, 1912, in the action in the state court, McGinn recovered judgment against C. F. Willey, and that upon appeal the judgment against C. F. Willey was affirmed on April 8, 1914, which was little more than two months before C. F. Willey filed petition for voluntary bankruptcy; that execution out of the state court upon the judgment against the property of C. F. Willey was partly satisfied, but that there still remains unpaid on the judgment more than $1,000, of the principal sum, besides the interest; that in proceeding under the execution in the state court the sheriff levied upon an automobile as belonging to C. F. Willey; that thereafter E. T. Willey brought an action in the state court against the sheriff for the conversion of the property so seized, and recovered judgment against the sheriff for the value of the property; that the action was tried in March, 1914, and that on the trial of the action in the state court testimony was given in the presence of the counsel for McGinn and of McGinn himself by an officer of the First National Bank at Sonora, Cal., to the effect that in 1912 a transfer had been made upon the books of the bank by C. F. Willey to E. T. Willey of certain funds; that the evidence of this transfer at the time of the trial in the state court was sufficient to put McGinn and the present plaintiff in error, Davis, as trustee, upon inquiry as to fraud in the transfer, and to disclose that, if an investigation had been made, it would have exposed to McGinn and his counsel the entire transaction set forth in the complaint in the present action, but that no investigation was made before April, 1915; that heretofore, in March, 1917, the present plaintiff, Davis, as trustee, brought suit in equity in the District Court of the United States for the Northern District of California against E. T. Willey and Mrs. Charles F. Willey the wife of the bankrupt, to obtain a decree requiring them to pay over to the trustee the same moneys sued for in the present action, the complaint setting up the same fraudulent transfer by C. F. Willey as is alleged in the present complaint; that upon the trial in the United States court it was decreed that Mrs. C. F. Willey had received certain of the said moneys as a fraudulent transferee of C. F. Willey, and that she pay over the sum of $1,565 to the trustee, but that the suit as to the defendant E. T. Willey was ordered dismissed, and a decree to that effect was duly entered, and that no appeal was taken by the plaintiff as trustee to the Circuit Court or Appeals. It is of record, also, that in the equity suit in the federal court E. T. Willey set up that the money transferred to him was in payment of a debt due him by C. F. Willey and that plaintiff's remedy was at law.

As a conclusion of law the court held that the present action is barred by the provisions of subdivisions 4, section 338, of the California Code of Civil Procedure, and by the order dismissing the suit in equity as against the defendant E. T. Willey. Section 338 of the California Code provides that an action for relief on the ground of fraud or mistake shall be brought within three years. The cause of action, however, is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

Judgment was entered on the findings and writ of error taken to this court.

J. C. Webster, of Sonora, Cal., and William H. Bryan, of San Francisco, Cal., for plaintiff in error.

William E. Billings, of San Francisco, Cal., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge (after stating the facts as above). The more important assignment of error presents the question whether the court erred in holding that the action was barred by the provisions of section 338 of the California Code of Civil Procedure heretofore quoted.

[1] Upon reading the record, there can be no substantial doubt of the accuracy of the finding of the District Court that McGinn and the counsel who represented him at the trial, which concerned ownership of an automobile claimed by E. T. Willey on the ground that it had been purchased with funds that belonged to C. F. Willey, in the state court in 1914, learned as a fact that the records of the First National Bank at Sonora showed that in 1912 a special account of $1,787.37 was created by transfer to the name of C. A. Belli from the funds of C. F. Willey, bankrupt herein, and that in June, 1912, a check for $794 was drawn on the special account. Having such knowledge of the facts relating to the transfer of the $1,787.37 fund, we think McGinn must be held to have had the means of knowledge of ascertaining all the facts of the fraud alleged. The circumstances were such that they put him upon inquiry as to the fact that there was a further considerable sum of money belonging to C. F. Willey which had been transferred to the brother of E. T. Willey. The most reasonable diligence would have quickly led to the discovery of the extent of the transfers and for the lack of such reasonable diligence there are no facts shown by way of fair excuse.

It is not to be disputed that E. T. Willey has put himself in an unusual position. By separate answer in the equity suit brought by the trustee against him as a party in the federal court, he set up a legal defense that in 1912 he had paid back certain money to C. F. Willey, now bankrupt, but that none of the money so paid were moneys which had been received by C. F. Willey for a sixth interest in a mining claim owned by McGinn and which had been sold and over which there had been the litigation referred to in the findings of the court. The court held that this defense was well founded and dismissed as to him. Now, after the trustee brought the action at law against him and pleaded the same facts and none other, he has set up the decree in the equity suit as a defense to the law action.

As pointed out by the counsel for the plaintiff in error it may therefore result that, if the defense is good, Willey will avoid liability upon the ground that he could not be held in equity because any remedy against him was at law, and he cannot be held at law, because the action is barred by statute of limitations. This argument, however, is not of sufficient force to justify the court in declining to apply the thoroughly well-settled principle of law that in an action for relief on the ground of fraud, unless the case can be brought within an excep-

tion of the statute of limitations, the action is barred. In Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, the court said:

"The plaintiff was supine. If underlying fraud existed * * * he did nothing to unearth it. * * * Whatever is notice enough to excite attention, put the party on his guard and call for inquiry, is notice of everything to which said inquiry, might have led." Archer v. Freeman, 124 Cal. 528, 57 Pac. 474; Truett v. Onderdonk, 120 Cal. 581, 53 Pac. 26.

It is said that decree of dismissal in the equity suit was not on the merits, and that action at law upon the same cause of action is not barred. But under the statute of limitation of California no action at law can be maintained by the plaintiff. The nature of the dismissal in the equity suit is not of special importance.

[2] This brings us to the question whether the action is subject to the provision of limitation of the Code of Civil Procedure of California, or to such period of limitation as may be found in the Bankruptcy Act. By the Bankruptcy Act the trustee is given title to money fraudulently transferred, and he has a right to sue to recover it.

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred," etc. Section 70e.

Section 11d of the Bankruptcy Act of 1898 (Comp. St. § 9595) provides that—

"Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

The section last quoted seems to be confined to suits founded strictly upon the Bankruptcy Act. For instance, a case within section 60b of the act (Comp. St. § 9644) may be governed by it. The distinction between actions founded upon the Bankruptcy Act and those founded upon rights existing under the common or state laws is clearly recognized in Arnold Co. v. Shackelford, 140 Ga. 585, 79 S. E. 470, a case cited by plaintiff in error. But under section 70e heretofore quoted, the trustee may void any transfer which any creditor might have voided. This right is conferred upon the trustee to put him in a position to assert the right which the creditor might have possessed in suing to set aside a transfer. The trustee is really subrogated. No new rights, no additional remedies, are created for the benefit of the creditor, other than such as the creditor would have had had it not been for the bankruptcy. In Holbrook v. International Trust Co., 220 Mass. 150, 107 N. E. 665, the court said:

"All that section 70e of the Bankruptcy Act does is to give authority to the trustee in bankruptcy to enforce the rights of creditors to avoid fraudulent transfers of property made by the bankrupt if such fraudulent transfers have been made. That is to say whether a particular transfer was or was not fraudulent as to creditors under section 70e does not depend upon the United States Bankruptcy Act, but upon the laws of the state which govern the transfer of the property in question."

To the same effect is the able opinion by Judge Lowell in In re Mullen (D. C.) 101 Fed. 413; Manning v. Evans (D. C.) 156 Fed. 106.

Having sued herein under section 70e, the suit is based on the state

law, and therefore the controlling point is whether McGinn could have maintained the action, under the law of the state. To this there is but the one plain answer. The action, if brought in the state court, would be barred, and therefore the state statute has been correctly applied in the federal court, and, as plaintiff in error, McGinn, failed to assert any rights he may have had within the prescribed time, his action must now be held to be barred.

The judgment is affirmed.