### FULLER, Tee v HOFFMAN

### FULLER, Tee v ROCK

Ohio Appeals, 8th Dist, Cuyahoga Co Nos. 11634 & 11688. Decided June 1, 1931

D. E. Warner, Cleveland, for Fuller, Tee Treadway & Marlatt and O. J. Zinner, all of Cleveland, for Hoffman and Rock.

George Q. Keeley, Cleveland, for Amicus Curiae.

HORNBECK, PJ, and KUNKLE, J, (2nd Dist), and SHERICK, J, (5th Dist), sitting.

**SHERICK, J.**

The defendants to these suits contend that the actions are barred by the one year statute of limitations, that being Sec 8623-28 of the new general Corporation Act which reads as follows:

"(a) 8623-28 Shareholder's liability to creditors.

No creditor of a corporation shall have any claim or right of action against a shareholder as such, other than to reach and apply the debt, if any, of the shareholder to the corporation arising out of his contract of subscription or purchase.

No action shall be brought by or on behalf of any creditor to reach and apply any such debt until after (a) final judgment shall have been rendered against the corporation in favor of such creditors; or (b) the corporation shall have been adjudged a bankrupt; or (c) shall have made a general assignment for the benefit of creditors; or (d) a receiver shall have been appointed with power to collect debts due to it; or (e) it shall have been dissolved; nor more than one year after the happening of any one of such events.

If by its terms the amounts payable under a contract of subscript or purchase shall not have become due at the time of the happening of one of such events, action may be brought within one year after payment becomes due."

On the other hand it is claimed by the plaintiff in error that such is not true in the Rock case for three reasons:

"1. The statute applies to actions brought against a shareholder as such and does not apply to an action brought against the maker of a promissory note.

"2. The statute does not apply to this suit because at the time the savings clause was repealed a period of one year had already run and the plaintiff did not have a reasonable time thereafter to bring suit.

"3. The Bankruptcy Act and not the state act applies to action by or against a trustee in bankruptcy."

Considering now the first reason assigned,

we are of the view that such is not sound. It is urged that the action is not brought against Rock as a shareholder but is upon a promissory note. It is not or cannot be claimed that this note was not given in payment of a subscription or purchase of the Steamship Company stock and we perceive that the statute does provide that "no creditor of a corporation shall have any claim or right of action against a shareholder as such, other than to reach and apply the debt, if any, of the shareholder to the corporation arising out of his contract of subscription or purchase." In the Rock case the stock was purchased and the note given. In the Hoffman case there was a subscription contract, no note was given, but in either case it must be recognized that the liability arises out of "a contract of subscription or purchase."

Considering now the second reason assigned, we find that such is a more complicated suggestion and requires an enlarged reply.

Sec 8623-28 GC became effective on June 8, 1927; and further examining this section we ascertain that it is therein provided, that "no action shall be brought by or on behalf of any creditor to reach and apply any such debt until after * * * (d) a receiver shall have been appointed with power to collect debts due to it; * * * nor more than one year after the happening of any one of such events."

It will be remembered that on June 10, 1928 and while this statute was in effect a receiver was appointed for the steamship company. It was the intention of the legislature in the enactment of this section to place a restricted limitation upon the time in which an action of this character might be commenced, and such is a modification and a lessening of the time allotted by the general rule or statute providing a fifteen year limitation upon a promise in writing. It is a well settled rule that when a special act specifically modifies and makes other provision than is provided in an earlier general statute, on a specific subject that in the case provided in the special act it must and does prevail over the general act and we feel that no citation of authority is required in support thereof.

It is equally well recognized that when a general receiver has been appointed to wind up and settle the affairs of a corporation, that such officer has the sole and exclusive right to sue and collect unpaid stock subscriptions. It must, therefore follow that the one year statute of limitations commenced to run as of the date of the appointment of the receiver, if three things then existed; first, there must be a demand capable of

present enforcement; second, a suable party; and, third, a party with a present right of enforcement. These perequisites are recognized in **Tobias v Richardson, 5 C. C. (NS) 74.** In the Rock case, there existed the past due promissory note, which is the basis of this suit, and a receiver had been appointed who could have then and at once sued the defendant, Rock. The statute did therefore begin to run on June 10, 1928.

And considering the Hoffman stock subscription, we note and quote the provisions of §8623-27, paragraphs 1 and 3 of the new Corporation Act which provides:

"Enforcing payment for shares. When no provision as to time of payment is made in the contract of subscription or purchase, shares shall be paid for on the call of the board of directors.

If a receiver with power to collect debts due to the corporation or a trustee in bankruptcy of the corporation has been appointed, all amounts unpaid on any subscription or purchase contract shall be paid at such time and in such installments as such receiver or trustee in bankruptcy or the court may direct, subject, however, to the provisions of the contract."

The Board of Directors not having called for payment of the Hoffman subscription, the receiver was empowered to and could have demanded payment thereof, and had he received a refusal of payment he could at once have sued on the subscription contract. This being true, it is equally apparent that in Hoffman's case the three essentials are present and the statute must of necessity have commenced to run as of the date of his appointment.

The Trustee now says that even if this be true. It has not commenced to run against him. To this we make answer that it has been long recognized in this state, as expressed in **Carey v Robinson, 13 Oh St 161;** "When a statute of limitations begins to run it continues unaffected by any subsequent disability." The fact that the receivership was lifted and the receiver subsequently discharged, by reason of the company's being adjudicated a bankrupt, cannot toll the statute in the trustee's favor, for it having once commenced to run it continued uninterrupted to the limitations' end which occurred on July 9, 1929. It therefore must appear that the trustee who succeeded to the rights and powers of the receiver, in commencing his action on the Rock note on Oct. 10, 1930, was one year, three months and one day too late. The same is equally true in the Hoffman suit.

One further claim of the trustee merits consideration, that is, that the legislature

in its enactment of the Corporation Act deprived him of a vested right in that a reasonable time was not provided in which he could enforce his rights as against the defendants. That the seventy-five days from the date of his appointment to the date of the statute's limitation was too short a time.

It appeals to us that this contention may be quickly answered by pointing out that the act provided a one year limitation, not seventy-five days. And further it must be remembered that §8623 GC and §8628 GC is a remedial statute as defined in **Smith v Railroad, 122 Oh St 12.** One has no vested right to a remedy; and the legislature may at any time shorten the period in which an action may be commenced, when a reasonable time to enforce existing vested rights, has been provided, as was done in this case. Neither action had been commenced before the going into effect of the new Corporation Act, and not being then a pending suit, the Act must prescribe the time within which the suits should have been begun.

The fact that the legislature repealed §8623-136 GC a part of the New Act, on July 23, 1929, this being the saving clause to existing rights as enacted on June 8, 1927, can have no bearing in these suits for the reason that the statute of limitations had already run to its prescribed end against the trustee before the saving clause was repealed, and the trustee could not be harmed thereby for his right to sue had previously terminated.

Coming now to a consideration of the trustee's third claim in that Sec. 11-d of the Bankruptcy Act of 1898 applies to this suit rather than the statutes of Ohio. The Federal act prescribes that "suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

This section is limited to suits founded strictly on the bankruptcy act. This is not so in the matters under consideration. See Davis, Trustee v Willey, 273 Fed. 397. In these actions the trustee invokes the jurisdiction of the state courts and when he does so he can not enforce therein a remedy not known or countenanced in the jurisdiction invoked any more than he may dictate rules of procedure. The trustee as previously indicated took only the rights which the receiver of the company possessed and no more.

It is therefore the judgment of this court that in both cases the judgments of the trial court is affirmed.

HORNBECK, PJ, and KUNKLE, J, concur.