**MEIKLE v. DRAIN et al.**

**In re FRED HERRICK LUMBER CO.**

**No. 7288.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1934.

Fabian B. Dodds, of Spokane, Wash., and Sidney Teiser, of Portland, Or., for appellant.

Post, Russell, Davis & Paine, of Spokane, Wash., and W. B. McFarland, of Cœur d'Alene, Idaho, for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Plaintiff brought this action to recover $10,220 paid by the Fred Herrick Lumber Company, a bankrupt, to the First Exchange National Bank of Cœur d'Alene, Idaho, on October 5, 1928.

It is alleged in the first cause of action stated in the complaint that this payment was made within four months prior to January 14, 1929, when the Fred Herrick Lumber Company's voluntary petition in bankruptcy was filed, and that at the time the payment was made the bank had reasonable cause to believe that the payment would constitute a preference. This cause of action was predicated upon section 60b of the Bankruptcy Act (11 USCA § 96 (b).

The second cause of action is based upon the second provision of section 67e of the Bankruptcy Act (11 USCA § 107 (e), which makes transfers within four months of bankruptcy null and void under the act where such transactions "are held null and void as against the creditors of such debtor by the laws of the state."

The defendant demurred to the first cause of action stated on the ground that it did not state facts sufficient to constitute a cause of action and on the ground that the action was barred by the laws of Idaho (sections 5-218, or 5-224, of the Idaho Code Ann. 1932).

Defendants demurred to the second cause of action on the ground that it was barred by the same sections of the Idaho Code, or, if the laws of Oregon applied, it was barred by title 1, § 8, of the Oregon Code of Civil Procedure (Code Or. 1930, § 1-206), and, consequently, it was barred by section 5-239 of the Idaho Code Annotated. The District Court sustained the demurrer and entered the judgment dismissing the action.

It appears from the opinion of the trial

judge that he treated both causes of action as arising under section 70e of the Bankruptcy Act (11 USCA § 110 (e), whereas it is contended by the plaintiff that the first cause of action is based upon 60b of the Bankruptcy Act prohibiting preferential payments during the four months prior to the beginning of the bankruptcy proceedings, and that the second cause is based upon 67e of the Bankruptcy Act as above stated. It is conceded on this appeal that the facts stated in the second cause of action are insufficient to show a right of action, and that this exact point has been decided by us in a recent case involving the same bankrupt, Meikle, Trustee, v. Export Lumber Co., 67 F.(2d) 301. In view of this concession which is sustained by our decision, it is unnecessary for us to consider the statute of limitations in connection with the second cause of action stated in the complaint.

With reference to the first count of the action, it is conceded by the appellee that facts are stated sufficient to support a judgment unless the statute of limitations had run against the action. The appellant contends that subdivision (d) of section 11 of the Bankruptcy Act (11 USCA § 29 (d) is the applicable statute of limitations, and that therefore this suit by the trustee having been brought before the estate has been closed is brought within time. The statute referred to is as follows: "(d) Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

In our decision in Davis v. Willey, 273 F. 397, 400, we held that, where the action was brought by the trustee under section 70e of the Bankruptcy Act, the state statute of limitations controlled as to the institution of an action to enforce the right under the state law.

The appellant, however, contends that, where the right of action arises under the Bankruptcy Act as in the case of the right given the trustee by section 60b of the Bankruptcy Act, the period of limitation is that fixed by section 11d of the Bankruptcy Act. This was tentatively recognized by this court in Davis v. Willey, supra, where it said: "The section last quoted seems to be confined to suits founded strictly upon the Bankruptcy Act. For instance, a case within section 60b of the act (Comp. St. § 9644 [11 USCA § 96, subd. b]) may be governed by it."

We think it clear that, where the right of action is given by the Bankruptcy Act and is based thereon and not upon a state statute, the provisions of section 11d of the Bankruptcy Act control, and, consequently, that a suit brought by the trustee during the pendency of the bankruptcy proceedings is within time.

We conclude, therefore, that the first cause of action stated by the appellant is not barred by the state statute. Judgment of the District Court dismissing the second cause of action is affirmed, and judgment dismissing the first cause of action is reversed. The dismissal of the second cause of action is without prejudice to an application by the appellant to file an amended cause of action predicated on the first provision of section 67e of the Bankruptcy Act.