## McBRIDE v. FARRINGTON.

### No. 11116.

Circuit Court of Appeals, Ninth Circuit.

Aug. 2, 1946.

Sidney Teiser and Wm. G. Keller, of Teiser & Keller, all of Portland, Or., for appellant.

S. J. Bischoff, of Portland, Or., for appellee.

Before GARRECHT, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

In November of 1931 an involuntary proceeding in bankruptcy was commenced against Western Bond and Mortgage Company. McBride, appellant here, was appointed trustee in December of 1934, after an adjudication on the petition entered the previous September. The present suit was begun by appellant on October 2, 1943. It sought judgment in a large sum against appellee Farrington, former president of the bankrupt corporation, on the allegation that he had procured without consideration the transfer to himself of assets of the bankrupt. The fraudulent transfers were alleged to have occurred in December 1929 and in December 1930. The complaint asserted that the deception practiced by appellee was not discovered until September 21, 1943.

Defenses of laches and of the statute of limitations were interposed, the limitation relied on being that provided by the Oregon Statute, Sec. 1-206, O.C.L.A., which prescribes a limitation of two years from the discovery of the fraud or deceit. These issues were segregated by a pre-trial order and were tried first. The court found that upon the appointment of appellant as trustee all records of the bankrupt corporation were promptly placed in his hands, including a litigation record pointing to the transactions on which appellant's claims were predicated. It found that appellant did not pursue with reasonable diligence the records and other information coming into his possession prior to 1936 and which cast suspicion on the transactions set out in the complaint, and that as early as the year last named he had actual knowledge or was in possession of information sufficient to guide him to knowledge of the fraudulent transactions. It further found that participants in the transactions and other persons having knowledge of the material facts had died prior to the commencement of the suit. The court concluded as a matter of law that the action was barred both by the Oregon statute of limitations and by laches.[1] Judgment of dismissal was entered and this appeal followed.

Appellant attacks the finding that by 1936 he had knowledge of the fraud

[1] While, in his specifications of error, appellant asserted that the Oregon statute is inapplicable, the point was not developed or pressed either in brief or on argument, and must accordingly be deemed abandoned. In any event, consult the holdings of this court in Davis v. Willey, 9 Cir., 273 F. 397, 400, and Meikle v. Drain, 9 Cir., 69 F.2d 290.

972

claimed or of facts, both extraneous and in the corporate records, sufficient to excite inquiry concerning the allegedly fraudulent transfers. We are not, however, persuaded that the findings in this respect are clearly erroneous. A discussion of the frauds said to have been perpetrated or of the clews accessible to the trustee pointing to their perpetration would serve no purpose other than to add to the length of this opinion. Enough to say that the evidence was sufficient to warrant dismissal on the. ground that the suit was barred by the statutory limitation. We need not consider the claim that the court erred in its finding of laches.

Affirmed.