**MacLEOD v. KAPP et al.**

**Civ. 47-708.**

United States District Court
S. D. New York.

Nov. 29, 1948.

Meadow, Mann & Clyne, of New York City (Julius J. Abeson, of New York City, of counsel), for plaintiff.

Louis R. Teig, of New York City, for defendants.

HULBERT, District Judge.

Defendants move to dismiss the complaint pursuant to Title 11 U.S.C.A. § 29, sub. e upon the ground that more than two years have elapsed since the adjudication of bankruptcy. The trustee in bankruptcy seeks to set aside an alleged preferential transfer under Section 15 of the New York Stock Corporation Law, Consol.Laws, c. 59.

An involuntary petition in bankruptcy was filed against the Radiant Fur Co., Inc. on May 9, 1945, and it was adjudicated a bankrupt on May 25, 1945. This action was commenced by the filing of the summons and complaint and the service of a copy thereof on the defendants on October 27,

1948, some three years and five months after the adjudication.

Section 29, sub. e of Title 11 U.S.C.A. reads in part as follows: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. * * *"

In support of the motion defendants rely on the decision of the Supreme Court in Herget v. Central National Bank & Trust Co., 1945, 324 U.S. 4, 65 S.Ct. 505, 507, 89 L.Ed. 656, in which the two year statute referred to above, was enforced. However, a reading of that case reveals that it is not applicable here. The cause of action in the Herget case arose under section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, as the Supreme Court said: "Here the only applicable law is Section 60 of the Bankruptcy Act, which generates the cause of action and which contains no time limitations as to actions brought pursuant thereto."

And further the Court said: "Inasmuch as the federal Bankruptcy Act has created the liability and has also fixed the limitation of time for commencing actions to enforce it, *we have no occasion to consider the trustee's arguments concerning the applicability and construction of the Illinois statutes of limitation.*" (Italics for emphasis.)

As stated above, this action was instituted under Section 15 of the New York Stock Corporation Law. And the statute of limitations applicable thereto is Section 48 of the New York Civil Practice Act—a six year statute. Frank Shepard Co. v. Zachary P. Taylor Pub. Co., 1923, 234 N.Y. 465, 138 N.E. 409.

If the words *"or within such further period of time as the Federal or State law may permit"* are to be given any effect, they must mean that this action, based on the state statute, is to be governed by the applicable New York State statute of limitations. McBride v. Farrington, D.C., 1945, 60 F.Supp. 92, affirmed D.C., 156 F.2d 971.

Consequently the action is not barred by the two year statute in the Bankruptcy Act.

Motion denied.

Settle order on notice.