HALPERT v. ENGINE AIR
SERVICE, Inc., et al.
Civ. A. No. 13618.

United States District Court
E. D. New York.
Oct. 27, 1953.

Max Schwartz, Brooklyn, N. Y., for plaintiff.

Moore & Swartz, Garden City, N. Y., for defendants. Emerson A. Swartz, Garden City, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The defendants move to dismiss the complaint upon various grounds, hereinafter stated.

The action is brought by the trustee in bankruptcy of The Carburetor Corporation against adverse claimants to

certain real property and personal property. The complaint is voluminous, comprising five alleged causes of action, set forth in one hundred and seventy-two paragraphs. It describes in detail the involved corporate dealings and relationships between two corporations, The Carburetor Corporation, the bankrupt, and the defendant, Engine Air Service, Inc., both controlled by the same group of stockholders and conducting business with substantially the same personnel and at the same place of business. The plaintiff contends that there was a unity of possession and control of the assets; that The Carburetor Corporation incurred substantial debts, including the sum of $65,000 for improvements to the real property, and that the defendant, Engine Air Service, Inc., illegally and unlawfully repossessed itself of the assets, prior to the adjudication of The Carburetor Corporation as a bankrupt. The plaintiff, among other things, further claims that the defendant, Engine Air Service, Inc., sold its entire inventory to the said Carburetor Corporation and, shortly prior to the order adjudicating it a bankrupt, adopted a resolution canceling the sale, thereby in effect transferring those assets to the said defendant. The plaintiff also alleges that there was a de facto merger of the said defendant with The Carburetor Corporation thus vesting the latter with title to all of the assets, including the real property, although record title thereto remained in the said defendant corporation. In the prayer for judgment (paragraphs 8, 9 and 10) the plaintiff seeks affirmative relief, including a direction that the defendants transfer and deliver the property to the plaintiff.

In a prior proceeding commenced by plaintiff, trustee, the referee in bankruptcy, before whom the case was pending, granted the plaintiff's petition for an order adjudging that the bankrupt was the owner of the aforesaid property. This Court, in an opinion, dated June 27, 1952, sustained the findings and conclusions of the referee and granted the trustee's application to dismiss a motion to review the order of the referee. The Court of Appeals reversed the order and dismissed the petition on the ground that the Court was without summary jurisdiction and that the issues of fact and law must be resolved in a plenary action. In re Carburetor Corp., 2 Cir., 202 F.2d 75. Thereafter the trustee commenced this plenary action by the service and filing of the complaint, now attacked by the defendants on this motion.

The first ground for dismissal and subdivisions (2) and (3) of the third ground urged by the defendants in their notice of motion are that no federal question is involved in that there is no diversity of citizenship of the parties. The determination of this question involves an examination of the complaint and the pertinent provisions of the Bankruptcy Act, conferring jurisdiction on this Court. Jurisdiction of courts of bankruptcy over plenary actions by trustees against adverse claimants to property are governed by Sections 23, sub. a and sub. b, 60, 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 46, 96, 107 and 110, which in so far as they are here applicable are as follows:

"The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this act, between * * * trustees as such and adverse claimants, concerning the property acquired or claimed by the * * * trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants. * * * Suits by the * * * trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought * * * them if proceedings under this act had not been instituted (i. e. if there had been no bankruptcy proceedings) unless by consent of the

defendant, (or) except as provided in sections 60, 67 and 70 of this act."

It is plain that it was the intent of the law, and it has been so construed in Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433, that such action should be tried in the State court unless the defendant consents to trial in the Federal court or unless the action is brought pursuant to Sections 60, 67 and 70 or any one of them or unless diversity of citizenship exists between the parties. See also Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718; Weidhorn v. Levy, 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898; May v. Moss, 8 Cir., 194 F.2d 133; Lowenstein v. Reikes, 2 Cir., 54 F.2d 481.

In the case at bar, there is no diversity of citizenship and no consent of the defendants. In fact, the defendants have not answered and have appeared specially on this motion. However, the Court concludes that it has jurisdiction of this action under Section 70 of the Bankruptcy Act. It may be added that the Act provides that the State courts have concurrent jurisdiction with the Federal courts of all actions brought under Sections 60, 67 and 70. The transfers which the plaintiff seeks to set aside are included in the definition in Section 1(30) of the Act. Section 70 is an enforcement statute and is coupled with the remedies provided in the State law for setting aside transfers. Davis v. Willey, 9 Cir., 273 F. 397.

The second ground for dismissal of the complaint, urged by the defendants, is that all causes of action under Sections 60(a) (b) and 67(a) (b) of the Act are outlawed by the two-year limitation of time contained in Section 11, sub. e, 11 U.S.C.A. § 29, sub. e of the Act. The Carburetor Corporation was adjudged a bankrupt on April 20, 1950. The complaint herein was filed on June 23, 1953. While the plaintiff would be barred from recovery on any cause of action founded on Sections 60 and 67 or either of them by Section 11, sub. e, as construed in the case of Herget v. Central Nat. Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656, he is not precluded from pursuing causes of action grounded on State law and which are not barred by the limitation of time provisions prescribed by State law. MacLeod v. Kapp, D.C., 81 F.Supp. 512.

Subdivision (3) of the third ground urged by the defendants for the dismissal of the complaint, is that it fails to comply with Section 9(c) of the Rules of Civil Procedure, 28 U.S.C.A. That section in substance provides that an allegation of performance of conditions precedent is sufficient, without detailing the same. Inasmuch as the plaintiff claims both waiver and merger, the point lacks merit.

The motion is denied. Submit order.