Israel G. **HALPERT**, as Trustee in Bankruptcy of The Carburetor Corporation, Plaintiff,

v.

**ENGINE AIR SERVICE**, Inc., Lawrence A. Hauft, Lena P. Hauft, Walter S. Burfoot and May D. Burfoot, Defendants.

Civ. No. 13618/1953.

United States District Court
E. D. New York.

Jan. 20, 1954.

See, also, D.C., 131 F.Supp. 398.

Max Schwartz, Brooklyn, by William J. Rudin, Brooklyn, N. Y., of counsel, for trustee.

Moore & Swartz, Garden City, N. Y., by James G. Moore and Emerson A. Swartz, Garden City, N. Y., of counsel, for defendants.

BYERS, District Judge.

This is a defendants' motion under Fed.Rules Civ.Proc. rule 12(c), 28 U.S. C.A., for judgment on the pleadings, namely an amended complaint filed November 25, 1953 and answer thereto filed December 15, 1953.

The nature of the controversy and the salient facts appear in the opinion of the Court of Appeals for this Circuit, 202 F.2d 75, and in an opinion by Judge Bruchhausen in denying a motion to dismiss the original complaint reported in 116 F.Supp. 13, 15. Nothing is to be gained by rehearsing the factual disclosures thus appearing.

The latter opinion contains this language:

"In the case at bar, there is no diversity of citizenship and no consent of the defendants (to be sued in this court). * * *"

However, the court concludes that it has jurisdiction of this action under Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110.

"* * * The motion is denied."

The order entered thereon, November 4, 1953, granted the motion to dismiss as to causes pleaded under Section 60, subs. a, b, and Section 67, subs. a, b, of the Act, 11 U.S.C.A. §§ 96, subs. a, b, 107, subs. a, b, because of statutory limitation; and the plaintiff was directed to serve an amended complaint within twenty days, and in all other respects the motion to dismiss was denied.

If the amended complaint is substantially the same as the original, restricted however to the assertion of a claim for relief under Section 70 of the Act, the law of the case has been established with reference thereto, and the present task is restricted to an examination of the challenged pleading to discover if new issues are presented.

That process reveals that again five "causes of action" are pleaded, in 181 numbered paragraphs, as against 172 in the original complaint. The added paragraphs do not assert new or different alleged causes of action, but merely contain evidentiary and perhaps argumentative allegations which do not expand or alter the nature of the plaintiff's claim for relief as set forth in the original complaint.

It results that the defendants' motion, in effect if not in form, is an attempt to reargue matters disposed of in the decision of October 27, 1953, to which reference has been made.

Motion denied, without prejudice to the renewal thereof in whole or in part at the trial, as the defendants may be advised.

Settle order.