Harry H. SCHUTTE, as Trustee in Bankruptcy of Atlas Credit Corporation, Bankrupt, Plaintiff,

v.

George WITTNER and Henry Wittner, co-partners, doing business as Merchants Standard Trading Company, Defendants.

Civ. No. 17187.

United States District Court
E. D. New York.

March 11, 1957.

**452**

Louis P. Rosenberg, Brooklyn, N. Y., for plaintiff.

Wolf, Popper, Ross, Wolf & Jones, New York City, for defendants, Paul L. Ross, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendants move to dismiss the complaint, pursuant to Rule 12, Fed. Rules Civ.Proc., 28 U.S.C.A. and also contend that the claims are barred by the Statute of Limitations.

The complaint contains four causes of action, whereunder the plaintiff seeks to annul alleged illegal transfers made by the bankrupt to the defendants.

The plaintiff contends that the causes of action are valid and in accordance with the provisions of Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, Section 15 of the Stock Corporation Law, McKinney's Consol.Laws c. 59, and the Debtor and Creditor Law of the State of New York, McKinney's Consol.Laws, c. 12, particularly Section 280 thereof.

Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e contains a two year Statute of Limitations, which is applicable to claims of illegal transfers, provided for by Sections 60 and 67 of the Bankruptcy Act, 11 U.S. C.A. §§ 96, 107. However, claims grounded upon the aforesaid provisions of the State law are not affected by Section 11, sub. e but are governed by the State Statute of Limitations. Halpert v. Engine Air Service, Inc., D.C., 116 F.Supp. 13. This action was commenced on January 8, 1957, and within the period prescribed by the State statutes, particularly Sections 48 and 53 of the New York Civil Practice Act.

The first and second causes of action are legally sufficient and within the scope of the State statutes. This is not seriously disputed. The defendants' main attack is centered upon the third cause of action.

The plaintiff, in his third cause of action, alleges, in substance, that it is brought to recover an unlawful preference; that between September 11, 1950, and March 7, 1952, the bankrupt was borrowing and receiving moneys from the defendants pursuant to the terms of an agreement, dated September 11, 1950, and transferred and assigned to defendants, accounts receivable; that during the said period, the defendants advanced and loaned to the bankrupt sums of money, leaving remaining and unpaid average weekly balances approximating $75,-000; that up until March 7, 1952 (within four months of the filing of the involuntary petition in bankruptcy on April 3, 1952) the bankrupt, with the knowledge of the defendants, continued to collect on the assigned accounts receivable and commingle with its own funds in the

same depositary, and use the proceeds thereof, and otherwise exercise dominion and control over the accounts receivable and the collections thereon, as if it were its own property; that by reason thereof the said assignments of accounts to the defendants were fraudulent and void; that on April 3, 1952, the bankrupt had uncollected accounts receivable aggregating more than $200,000; that the defendants have since collected and liquidated said accounts and received upwards of $75,000; that the defendants are indebted to plaintiff therefor and for the balance of the uncollected accounts.

█ The defendants have submitted a copy of the said agreement, mentioned in the third cause of action, which purports to be an assignment by the bankrupt to the defendants of accounts receivable and other chattels and to vest title thereto in the defendants. They contend that, under these circumstances, the assignment being valid under New York law, the Bankruptcy Act did not invalidate the subsequent dealings of the parties, and hence the plaintiff has no cause of action on the agreement. The general rule on this point is set forth in the case of Benedict v. Ratner, 268 U.S. 353, 359, 45 S.Ct. 566, 69 L.Ed. 991. In that case, 268 U.S. at page 360, 45 S.Ct. at page 567, it was also held that under New York law a transfer of property which reserves to the transferor the right to dispose of the same, or to apply the proceeds thereof, for his own uses is, as to creditors, fraudulent in law and void and, 268 U.S. at page 362, 45 S.Ct. at page 568 that the reservation of dominion inconsistent with the effective disposition of title renders the transaction void.

█ The plaintiff's position is that the determination of the question of whether the bankrupt did part with title to the accounts or reserved control or dominion over all or part of them is not restricted to the provisions of the written agreement but that all of the circumstances should be considered. He points out that while the original agreement is mentioned in the third cause of action, the latter also alleges, as follows:

"Atlas Credit Corporation (the bankrupt) with the knowledge of the defendants, did continue to collect on the assigned accounts receivable and commingle with its own funds in the same depositary, and use the proceeds thereof, and otherwise exercise dominion and control over the accounts receivable and the collections thereon, as if it was its own property."

The plaintiff has support for his contention. In the Benedict case, supra, 268 U.S. at page 361, 45 S.Ct. at page 568, the Court said:

"This is true [i. e., that a transfer of property as security reserving disposition by the transferor is fraudulent and void as to creditors] whether the right of disposition for the transferor's use be reserved in the instrument or by agreement in pais, oral or written * * *."

It was held in the case of Lee v. State Bank & Trust Co., 2 Cir., 38 F.2d 45, that the transaction may be fraudulent if the reservation of dominion over the property by the transferor is indicated by the acts of the parties, despite a provision in the written agreement to the contrary. The case of In re Edelstein and Sovensky, D.C., 18 F.2d 963, 8 Am. Bankr.Rep.N.S., 320 (opinion by Judge Knox) is to the same effect. In the Lee case, 38 F.2d at page 47, the Court said:

"The chattel cases make clear that, while reservation of dominion must in fact be agreed upon, the intent need not be found in express words [citing cases]; it may be either oral or written [citing cases], and may be deduced from the acts of the parties notwithstanding a written agreement expressly excluding it. Moreover, even though the reserved right of disposition extends to but a part of the property transferred, the entire transfer is thereby vitiated."

In the Edelstein case, the Court said:

"I think that the legal effect of what the bankrupts and Levin did in this case is a tacit as distinguished from an express agreement that bankrupts could use the proceeds of the accounts receivable as they saw fit.

\*　\*　\*　\*　\*　\*

"The report of the referee will be confirmed. In view of the decision in Benedict v. Ratner, 268 U.S. 353 [45 S.Ct. 566, 69 L.Ed. 991], I do not think that any countenance can be given to the practice that prevailed between Levin and the Bankrupt. He acquiesced in the use by the bankrupts of moneys that were assigned by him. Such acquiescence, where continued, as it was here, was the equivalent of an agreement that the bankrupts might do what they did."

The motion is denied.